THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO 4:18-cr-00457 |
| | § | |
| JAMES ROBERT TUMLINSON | § | |

**DEFENDANT JAMES ROBERT TUMLINSON'S OPPOSED MOTION TO SUPPRESS
WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

NOW COMES DEFENDANT JAMES ROBERT TUMLINSON, by and through his undersigned attorney, and files this Motion to Suppress with Incorporated Memorandum of Law in Support, and would show this Honorable Court as follows:

I

**STATEMENT OF FACTS**

1. On February 28, 2018, San Jacinto County Sheriff's Office executed the first search and arrest warrant (Continuous Sexual Abuse of a Child) at Shepherd, Texas, San Jacinto County 77331 (See App. A.)[1] The warrant had been procured by Sgt. Tim Kean with the San Jacinto County Sheriff's Office (SJCOSO), after he learned that MV1 made an outcry of sexual abuse to her mother, Amanda Crocker. In order to obtain the warrant, Sgt. Tim Kean executed an affidavit. (See App. B.)[2] In his affidavit, Sgt. Tim Kean alleged the following:

Said property constitutes evidence that the offense described in Paragraph 4, below, was committed *Continuous Sexual Abuse of a Child*, Texas Penal Code Chapter 22.01 and that said suspected party committed the offense described.

4. Affiant has probable cause for said belief by reason of the following facts

and circumstances: On 2/23/2018 Amanda Crocker, 1993 reported her child MV1, a 7-year old white female, had made an outcry of sexual abuse. This report was made to the San Jacinto County Sheriff's Office (SJCOSO) and to Child Protective Services (CPS) at the Sheriff's Office at Coldspring, Texas, San Jacinto County. Investigator Tackett of CPS and Sheriff's Office Detectives conducted an investigation and forensic interview of the outcry made by MV1. MV1 stated she visits with her biological father James Tumlinson, 1991 and her brother MV2, a 6 year old white male, in an RV type trailer parked in the yard of the residence at Shepherd, Texas.

MV1 said James Tumlinson's parents Patrick and Cassandra Tumlinson live in what she calls the "big house', which is the brown wood frame house located at this address. An adopted child named first initial "A" last initial "unknown" (A.U.) lives in the brown house with James Tumlinson's parents. A neighbor's children named first initial "N" last initial "unknown" (N.U.) and first initial "D" last initial "unknown" (D.U.) also spend a lot of time staying with A.U. at the "big house".

MV1 made several comments during the forensic interview which were very alarming and due to my training and experience in child abuse, were red flags of possible sexual assault offenses occurring. Amanda, MV1's mother was first alarmed when MV1 and MV2 both refused to go over to James's place to visit and play, this was very unusual.

---

[1] A copy of the first warrant is attached to this motion at appendix A.
[2] A copy of Sgt. Tim Kean's affidavit is attached to this motion at appendix B.

In the words of MV1, she said, "MV2's too scared to tell you but I'm not. Bobby (James) told MV2 to "suck it", and made him do it".

MV1 was asked if she knew why she was at the forensic interview today. She said, "Because daddy did something wrong". She stated her dad (James) takes all her clothes off including her tights, panties, and shirt. He just pulls out his penis and puts it in her front hole and it hurts. She said he does it to her on the couch and also when he is done he pees in her mouth. She said, "I can taste it hot and cold".

MV1 also says daddy puts his bad spot in in her butt and it hurt. MV1 made detailed descriptions of anal sex, oral sex, and vaginal sex which has occurred on a regular basis for several months…possibly years, the child could not remember.

MV1 describes in detail how James "humped MV2" and she saw "gray pus come from his penis". These assaults have occurred inside the "big house" and inside James trailer on the property.

MV1 said that assaults have occurred inside a silver vehicle that a friend of James knows who identified as Cody Franklin, 1989. Cody participated by being a willing spectator as he watched James climb into the back seat and force MV1 to straddle him by spreading her legs and having sex with her. MV1 demonstrated this by showing us the position he forced her into in this encounter. It is my true belief the evidence show that multiple sexual offense occurred and the person named upon this warrant committed them.

2. The warrant was executed by Sgt. Tim Keans and others. According to the SJCOSO

incident report: entry was made; the officers entered and James Robert Tumlinson, 1991 was secured without incident; during the execution of the search warrant Sgt. Tim Keans located three different cellular telephone devices inside the residence: One Samsung Galaxy cell phone grey in color Serial# GPSAS920CB IMEI# 990005858260301 recovered in the kitchen of Suspect James Tumlinson during execution of search warrant. One Samsung Galaxy S3 cell phone white in color SKU# SCH1535RWB IMEI# 990002100257060 recovered in the bedroom of Suspect James Tumlinson during execution of search warrant. One Kyocera cell phone black in color SKU# KY0E6810N IMEI# 990006133599281 recovered in the bedroom of Suspect James Tumlinson during execution of search warrant. Other devices include one San Disk Ultra USB 3.0 120gb Thumb Drive Serial# BP170625711V black in color, one San Disk Ultra 3.0 32gb Thumb Drive Serial# BM160225264V black in color, San Disk SD Card 16gb #BL1433950280D black in color, one HP Laptop Computer grew in color Serial# 5CD3240TNT, one Dell Laptop Computer black in color Serial#HJK2632 recovered in the dining room of Suspect James Tumlinson during execution of search warrant. The Dell Laptop Computer black in color Serial#HJK2632 sign on scene had the defendant's name and was password protected.

3. Between February 28, 2018 (date of 1st search and arrest warrant) and March 7, 2018 date of the five Complaints and Warrants of Arrest (2nd arrest warrant) (See App. C.)[3] (See App. D.)[4] was filed in San Jacinto County under Docket #18-02-23-02049 L in the 258th Judicial District Court by Det. Richard Jenkins SJCOSO charging James Robert Tumlinson, 1991 with Possession or Promotion of Child Porn, under Texas Penal Code 43.26 the SJCOSO upon seizing computers and storage memory devices **"discovered"** that two electronic flash drives

---

[3] A copy of the five State Criminal Complaints are attached to this motion at appendix C.
[4] A copy of the five State Arrest Warrants are attached to this motion at appendix D.

4

contained multiple videos of juveniles performing sex acts. The videos depicted juveniles in more than 6 videos performing juvenile male on male oral sex. The video websites are, !!! son love sucks daddy dick.wmv, (usa)[boy t man-spongbob]aard_tubsc, [000826] best, [birel]14 & 8 suck wm-in-mouth.avi, (gay) 3 preteen boys 5,10,11, Siberian mouse hd-x unknown (jb1)avi. The files on the flash drives were characterized by date, sex acts, etc… by ages ranging from 5 years old to 17 years old, etc. The number of separate videos of this sex act numbered over 6 meeting the elements for promotion of child porn. The video's are loaded on one SD card and two flash drives.

4. On March 13, 2018, Sgt. Tim Kean obtained a second State search warrant (See App. E.)[5] to seize personal communications devices, computers and storage devices in possession of the San Jacinto County Sheriff's Office as a result from the February 28, 2018 warrant. Described more particularly as:

> One Samsung Galaxy cell phone grey in color Serial# GPSAS920CB IMEI# 990005858260301 recovered in the kitchen of Suspect James Tumlinson during execution of search warrant.
>
> One Samsung Galaxy S3 cell phone white in color SKU# SCH1535RWB IMEI# 990002100257060 recovered in the bedroom of Suspect James Tumlinson during execution of search warrant.
>
> One Kyocera cell phone black in color SKU# KY0E6810N IMEI# 990006133599281 recovered in the bedroom of Suspect James Tumlinson during execution of search warrant.
>
> Other devices include one San Disk Ultra USB 3.0 120gb Thumb Drive Serial# BP170625711V black in color, one San Disk Ultra 3.0 32gb Thumb Drive Serial# BM160225264V black in color, San Disk SD Card 16gb #BL1433950280D black in color, one HP Laptop Computer grew in color Serial# 5CD3240TNT, one Dell Laptop

---

[5] A copy of the second State search warrant is attached to this motion at appendix E.

Computer black in color Serial#HJK2632

5. In order to obtain the March 13, 2018 second warrant, Sgt. Tim Kean executed an affidavit. (See App. F.)[6] In his affidavit, Sgt. Tim Kean alleged the following:

6. Sgt. Tim Kean copied and pasted the text from the first warrant dated February 28, 2018 into the second affidavit dated March 13, 2018 and added the following:

> Based on the above information, your Affiant, Detective Sgt. Tim Kean was able to obtain a search warrant for the residence of Suspect James Tumlinson located at Shepherd, San Jacinto County, Texas. During the execution of the search warrant your Affiant located three different cellular telephone devices inside the residence: One Samsung Galaxy cell phone grey in color Serial# GPSAS920CB IMEI# 990005858260301 recovered in the kitchen of Suspect James Tumlinson during execution of search warrant. One Samsung Galaxy S3 cell phone white in color SKU# SCH1535RWB IMEI# 990002100257060 recovered in the bedroom of Suspect James Tumlinson during execution of search warrant. One Kyocera cell phone black in color SKU# KY0E6810N IMEI# 990006133599281 recovered in the bedroom of Suspect James Tumlinson during execution of search warrant. Other devices include one San Disk Ultra USB 3.0 120gb Thumb Drive Serial# BP170625711V black in color, one San Disk Ultra 3.0 32gb Thumb Drive Serial# BM160225264V black in color, San Disk SD Card 16gb #BL1433950280D black in color, one HP Laptop Computer grew in color Serial# 5CD3240TNT, one Dell Laptop Computer black in color Serial#HJK2632 recovered in the dining room of Suspect James Tumlinson during execution of search warrant.

---

[6] A copy of Sgt. Tim Kean's second affidavit is attached to this motion at appendix F.

7.  The affidavit goes on to state:

    Therefore, your Affiant believes that it is probable that the contents of the devices described, is relevant and material to the ongoing criminal investigation noted in this affidavit. Therefore, your Affiant requests that a Search Warrant be issued for the following information:

    1.  Any photographs or videos;
    2.  Any text or multimedia messages (SMS and MMS);
    3.  Any call history or call logs;
    4.  Any contact information, including but not limited to phone numbers stored on the phone;
    5.  Documents and evidence showing the identity of ownership and identity of the users of those described items;
    6.  Any internet history;
    7.  Any Global Positioning System ("GPS") data that is capable of showing the location of the subject phone at a given time;
    8.  Any emails, instant messaging, or other forms of communication capable of being performed by each phone;
    9.  Any voicemail messages contained on the phone;
    10. Any recordings contained on the phone; and
    11. Any social media posts or messaging, and any images associated thereto, including but not limited to that on, Facebook, Twitter, and Instagram.

8.  The Affiant, Sgt. Tim Kean never mentioned or stated in the affidavit that either him or officers with SJCOSO had already reviewed the contents of the seized electronic devices between February 28, 2018 and March 7, 2018 in which they discovered videos depicting child pornography.

9.  In a Report of Examination by Greater Houston Regional Computer Forensics Laboratory (GHRCFL) dated April 26, 2018 indicated on page 2 of 8 in a summary: (See App. G.)[7]

10. In a service requested dated March 19, 2018, San Jacinto County Sheriff's Office Investigator (Inv.) Gary Sharpen requested the (GHRCFL) conduct a forensic examination of the

submitted evidence items. Specifically, Inv. Sharpen requested artifacts pertaining to an investigation into the possession of child pornography. The legal authority was in the form of a State of Texas search warrant.

**11.** Subsequent communication with Inv. Sharpen on April 5, 2018, resulted in an additional copy of the results of the examination be provided to Federal Bureau of Investigation (FBI) Special Agent (SA) Robert Guerra in order for him to assist in the investigation. In addition, Inv. Sharpen requested that SA Guerra assume the role of primary investigator for this case as the San Jacinto County Sheriff's Office transferred this case to the Houston Division of the FBI.

**12.** On April 9, 2018, Inv. Sharpen submitted additional evidence items for examination and provided the additional legal authority required. SA Guerra also provided legal authority in the form of a United States District Court, Southern District of Texas Federal search warrant, granting SA Guerra the authority to assume the role as lead investigator case agent for the investigation.

**13.** On April 12, 2018, United States Magistrate Judge Frances H. Stacy signed a federal search warrant granting the search of all the digital media devices seized by the SJCSO in pursuit of child exploitation material to include the possession, receipt and production of child pornography.

**14.** On July 6, 2018, SA Guerra submitted an Affidavit in Support of Criminal Complaint in which the affidavit is broken into sixteen number paragraphs. (See App. H.)[8] Paragraph one indicates how SA Guerra is employed and his training and experiences. Paragraphs two - four indicates the charges being brought against James Robert Tumlinson. Paragraphs five – seven is

---

[7] A copy of page 2 Report of Examination by Greater Houston Regional Computer Forensics Laboratory (GHRCFL) dated April 26, 2018 is attached to this motion at appendix G.

evidence conducted by San Jacinto County Sheriff's Office in regards to Continuous Sexual Abuse of Child

15. Paragraph eight states:

Based on the above information, SJCSO Detective Sergeant Tim Kean applied for and obtained a State search warrant for the residence of James Tumlison located at Shephard, Texas on March 13, 2018, seeking evidence of criminal activity, namely Continuous Sexual Abuse of a Child and Promotion of Child Pornography. During the execution of said search warrant, several items were discovered and seized by the SJCSO search team.

16. Paragraph eight contains inaccurate facts with this case. The March 13, 2018 search warrant was the second search warrant issued by the State Court and was for law enforcement to view the contents and data stored on the electronic devices. It was the February 28, 2018 search warrant that SJCSO searched and seized the electronic devices listed above from James Robert Tumlinson's residence. Furthermore, SJCSO had already viewed the contents and data stored on the electronic devices between February 28, 2018 and March 13, 2018, prior to the second State Search Warrant.

17. Neither affidavits in the two State Warrants dated February 28, 2018 and March 13, 2018 contain any information which would establish probable cause or suggest that James Robert Tumlinson, was in receipt and possession of child pornography or production of child pornography. James Robert Tumlinson was being investigated for Continuous Sexual Abuse of a Child. Nonetheless, the Affiant represented in the March 13, 2018 affidavit that James Robert Tumlinson had committed the offense of Promotion of Child Pornography, in violation of the

---

[8] A copy of SA Guerra's Affidavit in Support of Criminal Compliant is attached to this motion at appendix H.

Texas Penal Code.

18. Mr. Tumlinson challenges the Magistrate's conclusion that the affidavit supported a finding of probable cause to search and arrest. He also challenges the manner in which the warrant was executed. Mr. Tumlinson seeks the suppression of all evidence found as a result of the search and arrest and also the suppression of any fruits thereof, including statements made by Mr. Tumlinson, the results of testing done on any physical evidence obtained, and any other objects or statements or reports derived from the unlawful search.

## II.

## AUTHORITIES AND ARGUMENT

19. Basic to an individual's rights under the Fourth Amendment is the principle that the Government may not conduct a search or seizure without a warrant supported by probable cause. The exclusionary rule guarantees this principle by prohibiting the introduction into evidence of tangible materials seized during an illegal search. *See Murray v. United States*, 487 U.S. 533, 536 (1988). In addition, a trial judge must exclude all evidence derived from exploitation of the original constitutional violation up to the point at which the connection with the illegality becomes "so attenuated as to dissipate the taint." *Id.*; *Nardone v. United States*, 308 U.S. 338, 341 (1939).

20. The United States Supreme Court and the United States Court of Appeals for the Fifth Circuit have unequivocally held that a magistrate's determination of probable cause must be meaningful. *See Illinois v. Gates*, 462 U.S. 213, 239 (1983) (affidavit must provide "substantial basis" for determining probable cause); *United States v. Barrington*, 806 F.2d 529, 532 (5th Cir. 1986) (magistrate must have sufficient information to make determination of probable cause). In

*Gates*, the Supreme Court set forth the standard to be applied when determining whether an affidavit offered in support of a request for a warrant can support a meaningful determination. There, the Court held that "[s]ufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *Gates*, 462 U.S. 213, 239.

21. The good faith exception to the probable cause requirement cannot be applied here. *See United States v. Leon*, 468 U.S. 897 (1984). The exception is not available to an officer who relies on a warrant based on an affidavit so lacking in probable cause as to render belief in its existence entirely unreasonable. *See United States v. Cherna*, 184 F.3d 403, 407–08 (5th Cir. 1999) (same). The good faith exception is also inapplicable where, as here, an officer obtains a warrant and conducts a search based on the inadequate information he himself provides to a magistrate. *See Barrington*, 806 F.2d 529, 532.

22. The evidence at issue was obtained pursuant to a search warrant, so we begin by evaluating whether the good faith exception to the exclusionary rule applies. *United States v. Pena-Rodriguez,* 110 F.3d 1120, 1129 (5th Cir.1997). Under the good faith exception, evidence obtained during the execution of a warrant later determined to be deficient is nonetheless admissible if the executing officer's reliance on the warrant was objectively reasonable and made in good faith. *United States v. Payne,* 341 F.3d at 399-400 (5th Cir. 2003) (citing *United States v. Leon,* 468 U.S. 897, 921-25, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)).

23. We have identified four situations in which the good faith exception does not apply: (1) when the issuing magistrate was misled by information in an affidavit that the affiant knew or reasonably should have known was false; (2) when the issuing magistrate wholly abandoned his

11

judicial role; (3) when the warrant affidavit is so lacking in indicia of probable cause as to render official belief in its existence unreasonable; and (4) when the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that executing officers cannot reasonably presume it to be valid. *United States v. Woerner,* 709 F.3d 527 at 533-534 (5th Cir. 2013).

**24.** The Court in *Woerner* states the following *Leon's* guidance that "suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." *Leon,* 468 U.S. at 918, 104 S.Ct. 3405. The *Woerner* Court goes on to state "we note that the purpose of the exclusionary rule-deterring future Fourth Amendment violations-would be served, in some cases, by suppressing evidence seized pursuant to a warrant supported by evidence obtained through an unlawful search. *See Davis v. United States,* -- U.S. --, 131 S.Ct. 2419, 2426, 180 L.Ed.2d 285 (2011) ("The rule's sole purpose, we have repeatedly held, is to deter future Fourth Amendment violations."). For example, if the officer applying for the warrant knew or had reason to know that the information was tainted and included it anyway without full disclosure and explanation, then suppressing the evidence seized pursuant to the warrant "pay[s] its way by deterring official lawlessness." *Illinois v. Gates,* 462 U.S. 213, 258, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (White, J., concurring); *see also United States v. McGough,* 412 F.3d 1232, 1240 (11th Cir. 2005); *United States v. McClain,* 444 F.3d 556, 565-66 (6th Cir.2005); *United States v. Reilly,* 76 F.3d 1271, 1280 (2nd Cir.1996); *United States v. Wanless,* 882 F.2d 1459, 1466 (9th Cir.1989); *United States v. White,* 890 F.2d 1413, 1417-19 (8th Cir.1989); *United States v. Thornton,* 746 F.2d 39, 49 (D.C.Cir.1984). Suppression likewise might be justified if the officer responsible for

the illegal predicate search provided information-knowing it to be tainted, but concealing that fact-to a second officer for use in a successive search warrant application.

25. The facts before this court has the San Jacinto County Sheriff's Office executing a search and arrest warrant on February 28, 2018 for the crime of Continuous Sexual Abuse of a Child, among other evidence seized was electronic and storage devices located at the residence as listed above. Subsequently, the SJCSO between February 28 and March 3, 2018 "discovered" 6 videos on two of the flash drives that were seized on February 28. This was memorialized in five supplemental reports dated March 6, 2018 in case number: 18-02-23-02049 (See App. I.)[9]. On March 7, 2018, Detective Richard Jenkins with the SJCSO filed five criminal complaints against James Robert Tumlinson, for Possession or Promotion of Child Porn, Texas Penal Code 43.26. (See App. G.). On March 7, 2018 the judge in the 258th signed five Warrants of Arrest for James Tumlinson for the charge of Promotion of Child Porn, Texas Penal Code 43.26 (f) and executed on the same day. It was not until March 13, 2018 that the second State Search Warrant was issued for the electronic and storage devices that were seized during the first warrant so the State could seize the items and to transfer the items to any authorized personally to perform a forensic examination of the items and to allow the Affiant to conduct a search of those items. One of the issues before this Court is the illegal search happened between February 28 and March 3rd when law enforcement already conducted a warrantless search and discovered the 6 videos on the listed items, then subsequently requested a search warrant.

26. The affidavit from the Affiant, Sgt. Tim Kean SJCSO for the second Search Warrant dated March 13, 2018, regurgitated the facts from the first Search Warrant and just added the

---

[9] A copy of the five SJCSO supplement reports are attached to this motion at appendix I.

description and location found in the residence of the electronic and storage devices seized from said warrant. But, what is considerably noticeable is absent the facts and circumstance in discovering the 6 videos on said items. It's Mr. Tumlinson's position that said facts and circumstance would have implicated an illegal warrantless search in violation of Mr. Tumlison's Fourth Amendment Rights.

27. There were ongoing communications between Inv. Sharpen SJCSO and SA Guerra Houston Division of the FBI in early April 2018 regarding results of the forensic examination of the submitted evidence. On or about April 9, 2018, SA Guerra officially assumed the role as lead investigator for the investigation.

28. On April 12, 2018, United States Magistrate Judge Frances H. Stacy signed a federal search warrant granting the search of all the digital media devices seized by the SJCSO in the pursuit of child exploitation material to include the possession, receipt and production of child pornography as stated in SA Guerra's Affidavit in Support of Criminal Complaint paragraph 9.

29. SA Guerra also states in paragraph 8 of his Affidavit that SJCSO Sgt. Tim Kean applied for and obtained a State search warrant for the residence of James Tumlison on March 13, 2018, seeking evidence of criminal activity, namely Continuous Sexual Abuse of a Child and Promotion of Child Pornography. During the execution of said search warrant, several items were discovered and seized by the SJCSO search team.

30. We know this not to be true, because the March 13, 2018 search warrant was the second warrant issued and was only issued to review the contents of the seized items from February 28. It is Mr. Tumlinson's position that Sgt. Tim Kean mislead SA Guerra in believing the March 13, 2018 was the only warrant issued. Mr. Tumlinson also believes that Sgt. Tim Kean or Detective

Richard Jenkins SJCSO never told SA Guerra about the illegal warrantless search conducted on the seized items between February 28 and March 3.

31. Here we have the SJCSO providing illegally obtained information – knowing it to be tainted, but concealing that fact – to a second officer, SA Guerra for use in a successive Federal search warrant application.

32. WHEREFORE, premises considered, Defendant prays this Honorable Court will grant an evidentiary hearing to allow the defense to develop a record and present argument on both the sufficiency of the affidavit in support of the warrant, as well as how the good faith exception does not apply. Mr. Tumlinson further prays that after evidence and argument are heard, the Court will suppress from use at trial any evidence derived directly or indirectly from the illegal arrest and search of the Defendant, including any statements of Defendant; any sense impressions perceived by police officers and government agents; any physical evidence discovered as a result of the execution of the search warrant and arrest of Defendant; and any evidence derived from the execution of the search warrants on February 28, March 13, 2018 and April 12, 2018.

                Respectfully submitted,

                */s/ Chad W. Etheridge*
                CHAD W. ETHERIDGE
                Etheridge & Bacon, PLLC
                1919 Travis Street
                Liberty, TX 77575
                (936) 334-8300 Telephone
                (936) 334-8301 Facsimile
                c_etheridge@lawyer.com
                Attorney for Defendant,
                JAMES ROBERT TUMLINSON

**CERTIFICATE OF CONFERENCE**

I certify that I have been unable to reach agreement with Assistant United States Attorney Sherri Lynn Zack on Defendant's Motion to Suppress. I sent an email on February 16, 2019 and February 19, 2019. I also tried calling on February 19 and 20, 2019.

/s/ Chad W. Etheridge
Chad W. Etheridge

**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this instrument via the USDC Southern District's CM/ECF system per the Local Rules on this the 20th day of February, 2019.

/s/ Chad W. Etheridge
Chad W. Etheridge

## AFFIDAVIT

**STATE OF TEXAS** § 
 § 
**COUNTY OF LIBERTY** §

BEFORE ME, the undersigned authority, on this day personally appeared Chad W. Etheridge, who after being duly sworn, stated:

"My name is Chad W. Etheridge., and I am an attorney at ETHERIDGE & BACON, PLLC, and I am an attorney for James Robert Tumlinson, in Criminal No. **H-18-cr-00457**. I have read the foregoing Opposed Defendant James Robert Tumlinson's Motion to Suppress and affirm that the factual assertions contained therein are true and correct."

"Further affiant say not."

_____
Chad W. Etheridge

SUBSCRIBED AND SWORN to before me, on this the 20th day of February, 2019.

_____
Notary Public in and for the State of Texas

TIA L. NASH
Notary Public, State of Texas
Comm. Expires 08-15-2022
Notary ID 131684122

My commission expires: 08-15-2022